1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

JARED YOUNG S.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C24-5171 RSM

**ORDER AFFIRMING AND
DISMISSING THE CASE**

13

14

15

16

      Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the ALJ erred at step two and by rejecting medical opinion evidence.  Dkt. 9. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

17

**BACKGROUND**

18

19

20

21

22

23

      Plaintiff is 36 years old, has at least a high school education, and has no past relevant work.  Admin. Record (AR) 35.  In November 2020, Plaintiff applied for benefits, alleging disability as of January 1, 2003.  AR 83, 94.  Plaintiff's application was denied initially and on reconsideration.  AR 91, 111.  The ALJ conducted a hearing in January 2023, where Plaintiff amended his alleged onset date.  AR 44–77.  In March 2023, the ALJ issued a decision finding Plaintiff not disabled.  AR 21–43.

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

1.    **Step Two**

Plaintiff contends the ALJ erred by declining to find his mental impairments "severe" at step two. Dkt. 9 at 2–3.

At step two of the sequential evaluation, the Commissioner must determine "whether the claimant has a medically severe impairment or combination of impairments." *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. § 416.920(a)(4)(ii). An impairment or combination of impairments is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). An impairment is not severe if it is merely "a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Finding a medically determinable impairment nonsevere "requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities." Social Security Ruling (SSR) 85-28. The claimant has the burden of showing that he or she has a medically determinable physical or mental impairment, and the

ORDER AFFIRMING AND DISMISSING
THE CASE - 2

1    medically determinable impairment is severe.  *See Bowen v. Yuckert,* 482 U.S. 137, 146 (1987).

2         Here, the ALJ found Plaintiff's medically determinable impairments of anxiety disorder,

3    unspecified personality disorder, and post-traumatic stress disorder (PTSD) nonsevere because

4    they cause no more than minimal limitations in Plaintiff's ability to perform basic mental work

5    activities.  AR 27.  The ALJ explained Plaintiff's symptoms do not impose more than mild

6    limitations in the "paragraph B" functional areas of: understanding, remembering, or applying

7    information; interacting with others; concentrating, persisting, or maintaining pace; and adapting

8    or managing oneself.  AR 27–28.  The ALJ supported this finding by pointing to records that

9    show Plaintiff's primary concerns were his physical, not mental, impairments.  *See* AR 94–95,

10   250–57.  Plaintiff's function report shows he can drive, shop, and manage his own finances.  AR

11   253.  He denied memory issues and indicated no difficulties with understanding and

12   concentrating, stating he can follow instructions "reasonably well."  AR 252, 254–55.  Plaintiff

13   also reported spending time with others online and in person a "few times a week."  AR 254–55.

14   When asked about changes in his routines, Plaintiff answered he handles them "well."  AR 256.

15        The ALJ's assessment falls short of the "careful evaluation of the medical findings"

16   required at this step, given its reliance only on Plaintiff's statements.  *See* SSR 85-28.  However,

17   the ALJ's error is harmless.  A claimant cannot be prejudiced by failure to consider a particular

18   impairment severe at step two as long as the ALJ finds the claimant has at least one severe

19   impairment, and still addresses the non-severe impairment when considering the claimant's RFC.

20   *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (citing *Molina*, 674 at 1115).  Here,

21   though the ALJ declined to find Plaintiff's mental health impairments nonsevere at step two, the

22   ALJ nonetheless proceeded to consider Plaintiff's mental health symptoms by evaluating the

23   opinions of Dr. Russell, Dr. Boyle, Dr. Harrison, and Dr. Drake during the RFC assessment.  AR

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

34–35.

Plaintiff also appears to argue the ALJ's error at step two impacted the ALJ's RFC assessment.  Dkt. 9 at 3.  The ALJ's evaluation at step two and the assessment of a claimant's RFC are two separate aspects of the disability evaluation process.  The step two inquiry "is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck*, 869 F.3d at 1048–49 (citing *Bowen*, 482 U.S. at 146–47).  At the RFC phase, the ALJ must consider the claimant's limitations from all impairments, including those that are not severe.  *Id.* at 1049.  The ALJ also has no obligation to include in a claimant's RFC limitations that are not supported by the record.  *See Stubbs-Danielson*, 539 F.3d at 1174 (9th Cir. 2008); *Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001).  As stated, in assessing Plaintiff's RFC, the ALJ considered Plaintiff's mental health symptoms by evaluating the opinions of Dr. Russell, Dr. Boyle, Dr. Harrison, and Dr. Drake.  *See* AR 34–35.  Plaintiff does not meaningfully challenge the ALJ's reasoning in assessing his RFC assessment, therefore the Court will not discuss whether the ALJ properly incorporated mental health limitations in his RFC.  *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting Paladin Assocs., Inc. v. Mont. Power Co., 328 F.3d 1145, 1164 (9th Cir. 2003)) (noting the court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief).

### 2.    Dr. Boyle

Under the applicable rules, the ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 416.920c(c).  The ALJ is specifically required to consider the two most important

ORDER AFFIRMING AND DISMISSING
THE CASE - 4

factors, supportability and consistency.  20 C.F.R. § 416.920c(a).  The supportability factor

requires the ALJ to consider the relevance of the objective medical evidence and

the supporting explanations presented by the medical source to justify their opinion.  20 C.F.R. §

416.920c(c)(1).  The consistency factor involves consideration of how consistent a medical

opinion is with the other record evidence.  20 C.F.R. § 416.920c(c)(2).  Further, under the new

regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or

inconsistent without providing an explanation supported by substantial evidence." *Woods v.*

*Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Dr. Boyle completed a psychological disability evaluation of Plaintiff and opined "[t]here

is not sufficient evidence that [Plaintiff's] ability to do work-related activities is significantly

limited by a mental health issue." AR 967.  She further opined that "[n]o problems were

identified with regard to his ability to reason and understand information or engage in basic

back-and-forth conversation." *Id*.  She identified "[n]o major deficits in memory, concentration

or persistence." *Id*.  She proceeded to state, "[a]daptation problems were identified in that his

trouble with [rheumatoid arthritis] will likely to continue to make some roles difficult and

emotionally overwhelming." *Id*.  She concluded that if Plaintiff "is unable to return to work at

this time, the information gleaned from this evaluation suggests this is *primarily* due to a medical

issue." *Id*. (emphasis in original).

The ALJ found Dr. Boyle's opinion partially persuasive, finding it most supported by the

physician's examination findings and consistent with Plaintiff's therapy notes.  AR 34.

However, the ALJ rejected the portion regarding the likelihood of Plaintiff's adaptation

difficulties based on the fact that Dr. Boyle is a licensed psychologist who does not specialize in

rheumatology.  *Id*.  Plaintiff contends the ALJ's partial rejection of Dr. Boyle's opinion was

1    erroneous given the new regulations' emphasis on the supportability and consistency of a

2    medical opinion.  Dkt. 9 at 3–4; AR 34.

3         The factors of "supportability" and "consistency" are "the most important factors" the

4    ALJ must considering when evaluation medical opinion.  20 C.F.R. § 416.920c(a).  But the

5    regulations provide the ALJ also may consider other factors, including a medical source's

6    specialization.  20 C.F.R. 416.920c(c)(4).  More importantly, in finding Dr. Boyle's opinion

7    partially persuasive, the ALJ did consider its supportability and consistency.  *See* AR 34.  The

8    ALJ explained the majority of Dr. Boyle's opinion was supported by Plaintiff's "mostly

9    unremarkable mental exam."  *See* AR 964–65.  The record shows Dr. Boyle found Plaintiff

10   cooperative, pleasant, and a good historian, though he did start crying at one point after being

11   overwhelmed.  AR 964.  Dr. Boyle found Plaintiff "did not present with overly pessimistic

12   thought content," his speech reality-based, and his mental activity "organized and goal-directed."

13   AR 965.  The exam shows Plaintiff had a "fair ability for abstract thinking," and his memory,

14   fund of knowledge, concentration, and insight were all "adequate."  *Id*.  The ALJ also explained

15   Dr. Boyle's opinion was consistent with Plaintiff's therapy notes.  AR 34.  The record shows

16   Plaintiff consistently improved during his sessions, and Plaintiff himself admitted feeling better

17   or less anxious.  *See* AR 902–943, 1008–88.  Plaintiff has presented no evidence to show the

18   ALJ's findings were groundless.

19        In sum, the ALJ was able to articulate how he considered the supportability and

20   consistency factors.  The ALJ's reasonings are also supported by substantial evidence, therefore

21   the Court finds no error with the treatment of Dr. Boyle's medical opinion.

22   //

23   //

ORDER AFFIRMING AND DISMISSING
THE CASE - 6

1

**CONCLUSION**

2          For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this

3    case is **DISMISSED** with prejudice.

4          DATED this 30th day of July, 2024.

5

6                                                    _____
                                                     RICARDO S. MARTINEZ
7                                                    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER AFFIRMING AND DISMISSING
THE CASE - 7